NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYRNA L. SANTIAGO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No.: 2:16-cv-4874 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is Plaintiff Myrna L. Santiago's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under §§ 216(i) and 226(d) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is vacated and the matter is remanded for further proceedings consistent with this Opinion.

## II. BACKGROUND

### A. Procedural Background

Plaintiff applied for DIB on June 28, 2012, alleging disability as of June 14, 2011. Tr.[1] at 33. The applications were denied initially on May 23, 2013, and upon reconsideration on September 12, 2013. *Id.* A hearing was held before ALJ Dennis O'Leary on March 23, 2015.

---

[1] "Tr." refers to the certified record of the administrative proceedings. ECF No. 5.

*Id.* ALJ O'Leary issued a decision on May 13, 2015, finding Plaintiff was not disabled, as defined by the SSA. *Id.* at 40 (citing 20 C.F.R. § 404.1520(g)). Plaintiff requested review of the decision and the Appeals Council denied the request on June 8, 2016. Tr. at 1. On August 10, 2016, Plaintiff instituted this action. ECF No. 1.

B. **Factual Background**

Plaintiff was born on June 20, 1963. Tr. at 53. Plaintiff has a high school education and completed one year of college in Puerto Rico. *Id.* at 39, 53. Plaintiff obtained her commercial driver's license and took classes to be a dental assistant. *Id.* at 53. Plaintiff alleges she is unable to communicate in English. *Id.* Plaintiff testified that in the past, she worked in an office reviewing medical plans and as a truck driver. *Id.* at 55-56.

On a daily basis, Plaitniff testified she is able to cook and clean around the house, but more slowly than she was capable of before. *Id.* at 62-63. She stated that during the week she tends to stay home except to go to appointments, and on the weekends she and her husband occasionally visit family in Massachusets. *Id.* at 63.

Plaintiff testified she is unable to work due to a condition in her bones and joints that causes her to feel pain. *Id.* at 57. Plaintiff stated that she cannot sit or stand for more than one hour at a time or her joints get stiff and it becomes difficult to move. *Id.* Plaintiff stated she has been diagnosed with rheumatoid arthritis and fibromalagia. *Id.* at 58. Plaintiff testified that she has a list of medications that she takes and receives physical therapy and injections for tendonitis in her shoulder. *Id.* at 59. Plaintiff stated that she has shortness of breath and sleeps with a CPAP machine to help her breathe at night. *Id.* at 60. Plaintiff also stated that she is under the care of a psychiatrist for depression. *Id.* at 62.

## III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

3

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the Plaintiff has an impairment that limits her ability to work. *Id.* Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *Id.* If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform her past relevant work. *Id.* Fifth, if her RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the alleged onset date. Tr. at 35. At steps two and three, the ALJ found Plaintiff's impairments of depression and somatic spine problems were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.* at 35-36.

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the exceptions that Plaitniff may not lift overhead bilaterally, work at heights or around heavy machinery, can perform simple and repetitive tasks, and must alternate sitting and standing as needed at one-hour intervals. *Id.* at 37. To make this conclusion, the ALJ considered all of Plaintiff's symptoms and their consistency with the

evidence. *Id.* Specifically, the ALJ considered Plaintiff's testimony that she was able to complete her daily activities, albiet more slowly than in the past. *Id.* at 38. The ALJ also considered the reports of an orthopedic consultative examiner, an internal medicine consultative examiner, a psychological consultative examiner, and the Disability Determination Services ("DDS") medical consultants. *Id.* at 38-39.

At step four, the ALJ found Plaintiff was incapable of performing past relevant work as a dental assistant. *Id.* at 39. At step five, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ identified these jobs as: kitchen helper, photocopier, and final assembler. *Id.* at 40.

**B.  Analysis**

Plaintiff makes the following arguments in support of her contention that the ALJ's decision should be remanded: (1) the RFC is contradictory and not supported by substantial evidence, and (2) the hypothetical questions posed to the vocational expert ("VE") did not reflect all of Plaintiff's impairments, and thus the VE's answers cannot constitute substantial evidence.

**1.  The ALJ's RFC Analysis Precludes Meaningful Review**

Plaintiff argues the RFC "contradicts itself and the evidence" and that the ALJ substitutes his own observations for uncontradicted medical findings. Plaintiff's Brief ("Pl. Br.") ECF No. 10 at 17. "In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." *Plummet v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal citation omitted).

6

In this case, the ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels with limited exceptions. The physical exertional levels include: sedentary, light, medium, heavy, or very heavy work. 20 C.F.R. § 416.967 (2002). The ALJ, therefore, found Plaintiff was capable of performing all levels of work, including heavy and very heavy work. Pursuant to 20 C.F.R. § 416.967, these exertional limitations require that Plaintiff be able to lift up to 100 pounds and frequently lift and carry objects weighing fifty pounds. However, throughout the Opinion, the ALJ indicated that he found Plaintiff does have some physical limitations. Most importantly, at step two, the ALJ found Plaintiff had "somatic spine problems."[2] Tr. at 35. Further, the ALJ also states Plaintiff: has "obesity and the usual complications therefrom"; had an injection into her left shoulder for tendonitis; when she climbs a flight of stairs, she gets shortness of breath; and "she is slowing down[] as she gets old." *Id.* at 37-38. The ALJ gave "some weight" to Dr. Allen S. Glushakow and the psychological consultative examiner who both found Plaintiff had a history of back pain. *Id.* at 39. The ALJ also gave "considerable weight" to the DDS medical consultants who opined that Plaintiff can perform light work. *Id.*

While "the ALJ is free to choose the medical opinion of one doctor over that of another." *Diaz*, 577 F.3d at 505, the ALJ must "give some reason for discounting the evidence she rejects." *Plummer*, 186 F.3d at 429. Here, it appears the ALJ relies upon Plaintiff's full range of activities of daily living and the report of Dr. Glushakow which found, *inter alia,* that Plaintiff had full range of motion to find that Plaintiff was not disabled. However, it is unclear from the decision how the ALJ came to the conclusion that Plaintiff can perform a full range of work at all

---

[2] Plaintiff suggests that the ALJ intended to find Plaintiff had "somosomatic" spine problems, which would indicate a mental impairment, rather than a physical one. Pl. Br. at 10. The Court declines to make such an assumption.

exertional levels, despite his findings that she does in fact have some physical impairments. Accordingly, the Court cannot provide meaningful review of the RFC. On remand, the ALJ should fully develop the record and sufficiently explain the reasons for the exertional level of work he finds Plaintiff is capable of performing.[3]

### 2. Questions to the VE

Plaintiff argues the VE's testimony cannot constitute substantial evidence because the questions posed did not properly convey Plaintiff's impairments. Pl. Br. at 27. As the Court remands to allow the ALJ to fully develop the record as to Plaintiff's RFC, on remand, the ALJ should also be sure to include Plaintiff's credibly established impairments in the hypothetical questions posed to the VE.

## V. CONCLUSION

For the foregoing reasons, the Court vacates the ALJ's decision and remands this case for further administrative proceedings consistent with this Opinion. An appropriate order accompanies this Opinion.

DATED: September 25, 2017

CLAIRE C. CECCHI, U.S.D.J.

---

[3] Plaintiff also appears to argue the ALJ improperly discounted the psychological consultative examiner's diagnosis of "recurrent major depression." Pl. Br. at 25. The Court finds this argument to be without merit, as ALJ found at step two that Plaintiff has a severe impairment of depression. Tr. at 35. However, to the extent Plaintiff argues the ALJ "invented" a federal statute which requires a person to be fluent in English to be issued a commercial driver's license, on remand, the ALJ should identify the statute to which he refers.